UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD R. VISSER, <br><br> Plaintiff, <br><br> vs. <br><br> CARIBBEAN CRUISE LINE, INC., and ROBERT P. MITCHELL <br><br> Defendants. | Civil Action No.: 1:13-cv-01029 |

### NOTICE OF REMOVAL

Defendants Caribbean Cruise Line, Inc., ("CCL") and Robert P. Mitchell ("Mitchell") (collectively, "Defendants") pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c), and 1446, with full reservation of all defenses, hereby remove this action from the 62-A District Court in the State of Michigan to the United States District Court for the Western District of Michigan, Southern Division. In support of this Notice of Removal, Defendants state the following:

### I. Background

1. On August 8, 2013, Plaintiff Donald Visser ("Plaintiff") commenced this lawsuit in the 62-A District Court in the State of Michigan, with the above caption and docket number 13-1780GC. The suit arose from a certain alleged telephone call to Plaintiff's residential cellular telephone.[1] Plaintiff alleges that he was contacted by CCL and/or CCL's agent for soliciting the sale of a cruise.[2] Plaintiff further alleges that Mitchell, as an officer of CCL, caused the call to be made.[3] The three (3) count Complaint alleges claims against all Defendants which include (1)

---

[1] Complaint at ¶8. A copy of the Complaint is attached hereto as Exhibit "A."

[2] Complaint at ¶8

[3] Complaint at ¶9

14890946:1

violations of the Michigan Home Solicitation Act, MCL 445.111 *et seq.*;[4] (2) violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*;[5] and (3) violations of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*[6]

2.      On August 22, 2013, Defendants were served with the Complaint by mail.

3.      Defendants, now, remove the above referenced action to this Court.

## II. Basis for Jurisdiction.

4.      This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c). This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States." Plaintiff brings one (1) count against all defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (the "TCPA")[7] – *i.e.*, a "law" of the United States. As such, this Court has federal question jurisdiction over this matter.[8]

5.      Indeed, pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.*" (Emphasis added). This Court,

---

[4]    Complaint at ¶¶16-26.

[5]    Complaint at ¶¶28-37.

[6]    Complaint at ¶¶39-43.

[7]    Complaint at ¶¶28-37.

[8]    Indeed, a "civil action founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties." *See, e.g.. Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).

therefore, has federal question jurisdiction and this case is removable to the United States District Court for the Western District of Michigan, Southern Division.

6. Further, pursuant to 28 U.S.C. § 1441(c), state law claims may be joined with federal law claims, as the statute clearly states:

> If a civil action includes – (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, *the entire action may be removed* if the action would be removable without the inclusion of the claim described in subparagraph (B).

7. Plaintiff's state law claims are also removable as they are within this Court's supplemental jurisdiction. Because, this Court has federal question jurisdiction over the TCPA action pursuant to 15 U.S.C. § 1681 *et seq.*, it also has and should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over all other claims that Plaintiff alleges, because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.[9] Finally, Plaintiff's state law claims do not raise any novel or complex issues of state law.

### III. Rule of Unanimity

8. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."[10] Indeed, the

---

9. *See Harper*, 392 F.3d at 209. "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" Here, all of Plaintiffs' state law claims arise out of the same set of operative facts as does the TCPA claim. Thus, supplemental jurisdiction is proper here.

10. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999). *See* 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

3

rule does not apply to defendants who have not yet been served at the time of filing.[11] Here, all Defendants join in this Removal, thus, the rule of unanimity is satisfied.

### IV. Notice Given.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Clerk of the 62-A District Court in the State of Michigan.[12]

### V. Removal is Timely Filed.

10. This Notice has been timely filed within thirty (30) days of Defendants' receipt of the Complaint, as necessitated by 28 U.S.C. § 1446(b)(2)(B). Moreover, pursuant to 28 U.S.C. § 1446(b)(2)(C) "[i]f defendants are served at different times, and a later served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Here, however, all Defendants received the Complaint on August 22, 2013.

### VI. Pleadings and Process.

11. As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state court process and pleadings to this Notice of Removal.[13]

### VII. Venue.

12. Pursuant to 28 U.S.C. § 1441(a), venue in this district is proper because this action is currently pending in the 62-A District Court in the State of Michigan, a court sitting within the Western District of Michigan, Southern Division.

---

11. *See* 28 U.S.C. 1446(b)(2)(B & C).

12. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "B."

13. The only filing in the state court case as of September 18, 2013 is the Complaint, attached as Exhibit "A".

## VIII. Non-Waiver of Defenses.

13. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

**ACCORDINGLY**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c) and 1446, this Court has jurisdiction over this matter, and Defendants Caribbean Cruise Line, Inc. and Robert Mitchell hereby remove this action from the 62-A District Court in the State of Michigan, to this Court.

Respectfully submitted this 19th day of September, 2013.

        SMITH HAUGHEY RICE & ROEGGE PC

        By: */s/ Thomas W. Aycock*
            Charles F. Behler (P10632)
            Thomas W. Aycock (P69231)
            100 Monroe Center Street NW
            Grand Rapids, MI 49503
            Telephone: (616) 458-6245
            Facsimile: (616) 774-2461
            cbehler@shrr.com
            taycock@shrr.com
            *Attorneys for Defendants*