UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD R. VISSER | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 1:13-cv-01029-PLM |
| | ) | |
| CARIBBEAN CRUISE LINE, INC., and | ) | |
| ROBERT P. MITCHELL[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT CARIBBEAN CRUISE LINE, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant CARIBBEAN CRUISE LINE, INC. ("CCL"), by and through its counsel, hereby submits its ANSWER and AFFIRMATIVE DEFENSES in response to Plaintiff DONALD R. VISSER's First Amended Complaint (the "Complaint").

**INTRODUCTION**

1.     This case challenges Defendants' policy and practice of   automatically broadcasting pre-recorded telephone solicitations offering "free" cruises and other prizes to consumers at their residential and cellular telephone numbers.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 1 of the Complaint.**

2.     The Telephone Consumer Protection Act  ("TCPA"), 47 U.S.C. 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited pre-recorded messages to residential numbers and/or calls and messages to cellular telephone numbers. Federal and state laws provides a private right of action for violations and provides

---

1.     Robert Mitchell was dismissed pursuant to court order dated DE 21.

1

statutory damages of $500.00 per violation.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 2 of the Complaint and respectfully refers to the TCPA for its proper interpretation and effect.**

## JURISDICTION AND VENUE

3.      This case was originally filed in 62-A District Court in the State of Michigan on August 8, 2013 as an individual action and was removed to this Court by Defendants on September 19, 2013 pursuant to 28 U.S.C. 1446(d), alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1367.

**ANSWER:     CCL admits the allegations contained in Paragraph 3 of the Complaint.**

4.      Venue in this district is proper because Defendants do business here and a significant portion of the events took place here.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 4 of the Complaint.**

## PARTIES

5.      Plaintiff is a Michigan resident, with a principal residence in Wyoming, Michigan.

**ANSWER:     CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies same.**

6.      Defendant Caribbean Cruise Line, Inc. is a Florida Corporation, with a principal place of business in Fort Lauderdale, Florida.

**ANSWER:     CCL admits the allegations in contained in Paragraph 6 of the Complaint.**

2

7.     Defendant Robert P. Mitchell is an officer of Caribbean Cruise Line, Inc.

**ANSWER:     CCL admits the allegations contained in Paragraph 7 of the Complaint.**

8.     Defendants do business within the state of Michigan and are thus within the jurisdiction of this Court.

**ANSWER:     CCL denies the truth of the allegations contained in Paragraph 8 of the Complaint.**

## FACTUAL ALLEGATIONS

9.     Defendants sell Caribbean cruises as well as other things.

**ANSWER:     CCL admits that, as part of its business, it may sell a vacation package which includes a cruise.  CCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint since it is unknown what Plaintiff means by the phrase "as well as other things," and therefore denies same.**

10.     Defendants solicit customers within the state of Michigan by way of telemarketing or voice broadcasting.

**ANSWER:     CCL denies the truth of the allegations contained in Paragraph 10 of the Complaint.**

11.     Voice broadcasting involves the transmission of pre-recorded messages to thousands and sometimes millions of telephone numbers without the prior express consent of the recipient.

**ANSWER:     CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and they are therefore denied.**

3

12.    Plaintiff and Class members have been contacted on his/their personal residential and/or cellular telephone by Caribbean Cruise Line, Inc. and/or its agent for the purpose of soliciting the sale of a cruise.

**ANSWER:    CCL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.**

13.    The contacts referenced in the preceding paragraph was initiated by Defendants by way of voice broadcasting.

**ANSWER:    CCL denies the truth of the allegations contained in Paragraph 13 of the Complaint.**

14.    Upon information and belief, Robert P. Mitchell, as an officer of the Caribbean Cruise Line, Inc., caused these calls to be made.

**ANSWER:    CCL denies the truth of the allegations contained in Paragraph 14 of the Complaint.**

15.    The manner and method of the contacts referred to in the above paragraphs included the use of a pre-recorded message as part of a telephone solicitation.

**ANSWER:    CCL denies the truth of the allegations contained in Paragraph 15 of the Complaint.**

16.    Defendants' conduct violates both 47 U.S.C. 227 et seq. and MCL 445.111 et seq.

**ANSWER:    CCL denies the truth of the allegations contained in Paragraph 16 of the Complaint.**

17.    Both of the above statutes create private rights of action and provide statutory damages for violations.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 17 of the Complaint and respectfully refers to the TCPA for its proper interpretation and effect.**

18.     Defendants are jointly and severally liable.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 18 of the Complaint.**

<u>**CLASS ALLEGATIONS**</u>

19.     In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons:

> All persons residing in any of the United States that are holders of residential telephone numbers to which a pre-recorded and/or artificial call or message was sent on behalf of Defendants advertising or promoting the goods or services of Defendants without the prior express consent of the holder (the "Class").

**ANSWER:  CCL admits only that Plaintiffs purport to bring a class action under Fed. R. Civ. P. 23.  However, Rule 23 speaks for itself, and CCL denies that Plaintiff is an appropriate class representative or that this case is entitled to class action treatment.  CCL denies all remaining allegations contained in Paragraph 19 of the Complaint.**

20.     In addition, Plaintiff seeks to represent the following Cellular Subclass:

> All members of the Class who received the complained of call or message at their cellular telephone numbers (the "Cellular Subclass").

**ANSWER:  CCL admits only that Plaintiffs purport to bring a class action under Fed. R. Civ. P. 23.  However, Rule 23 speaks for itself, and CCL denies that Plaintiff is an appropriate class representative or that this case is entitled to class action treatment.  CCL denies all remaining allegations contained in Paragraph 20 of the Complaint.**

21.     In addition, Plaintiff seeks to represent the following Michigan Subclass: All members of the Class who reside in the State of Michigan (the "Michigan Subclass").

**ANSWER:     CCL admits only that Plaintiffs purport to bring a class action under Fed. R. Civ. P. 23.     However, Rule 23 speaks for itself, and CCL denies that Plaintiff is an appropriate class representative or that this case is entitled to class action treatment.   CCL denies all remaining allegations contained in Paragraph 21 of the Complaint.**

22.     Excluded from the Class and Subclasses are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

**ANSWER:     CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies same.**

23.     The Class Period began four years prior to filing of the Complaint and continues to the present.

**ANSWER:     CCL denies the truth of the allegations contained in Paragraph 23 of the Complaint.**

24.     Commonality [Fed. R. Civ. P. 23(A)(2)]. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

a.   Whether Defendants sent unsolicited voice broadcasts;

**ANSWER:     CCL denies the truth of the allegations contained in Paragraph 24(a) of the Complaint.**

b.   Whether Defendants  voice broadcasts advertised the commercial availability of property, goods or services;

6

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(b) of the Complaint.**

       c.   The manner and method Defendants used to compile or obtain the list of telephone numbers to which it sent voice broadcasts;

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(c) of the Complaint.**

       d.   Whether Defendants  voice broadcasts were made without first obtaining the recipients prior express permission or invitation;

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(d) of the Complaint.**

       e.   Whether Defendants sent the voice broadcasts knowingly;

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(e) of the Complaint.**

       f.   Whether Defendants violated the provisions of 47 U.S.C. 227;

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(f) of the Complaint.**

       g.   Whether Plaintiff and the other members of the class are entitled to statutory damages; and

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(g) of the Complaint.**

       h.   Whether the Court should award treble damages.

**ANSWER:**    **CCL denies the truth of the allegations contained in Paragraph 24(h) of the Complaint.**

25.     Typicality [Fed. R. Civ. P. 23(a)(3)]. Plaintiff's claims are typical of the claims of all class members. Like other Class members, Plaintiff received a pre-recorded message and/or call made on behalf of Defendants advertising goods and services of Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for himself and all Class members based on the same federal statute. Defendants have acted the same or in a substantially similar manner with respect to Plaintiff and all the Class members.

**ANSWER:    CCL denies the truth of the allegations contained in Paragraph 25 of the Complaint.**

26.     Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]. Plaintiff will fairly and adequately represent and protect the interest of the class. He is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 26 of the Complaint.**

27.     Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)]. Class certification is appropriate because the prosecution of individual actions by Class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiffs claims will be dispositive of the interests of class members who are not parties.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 27 of the Complaint.**

28.     Common Conduct [Fed. R. Civ. P. 23 (b)(2)]. Class certification is also appropriate because Defendants has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate.

8

Plaintiff demands such relief as authorized by 47 U.S.C. 227.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 28 of the Complaint.**

29.     Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

    a.   Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(a) of the Complaint.**

    b.   Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquires or proceedings;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(b) of the Complaint.**

    c.   Defendants have acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(c) of the Complaint.**

    d.   The amount likely to be recovered by individual class members does not support protracted individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(d) of the**

9

Complaint.

    e.   This case is inherently managed as a class action in that:

        i.    Defendants identified persons or entities to rece1ve the voice broadcasts, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class members and establish liability and damages;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(e)(i) of the Complaint.**

        ii.    Liability and damages can be established for Plaintiff and the Class with the same common proofs;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(e)(ii) of the Complaint.**

        iii.   . Statutory damages are provided for in the applicable statute and are the same for all Class members and can be calculated in the same or a similar manner;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(e)(iii) of the Complaint.**

        iv.  A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(e)(iv) of the Complaint.**

        v.  A class action will contribute to uniformity of decisions concerning Defendants' practices;

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(e)(v) of the Complaint.**

                            vi. As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 29(e)(vi) of the Complaint.**

## COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (On Behalf of the Class)

30.      Plaintiff incorporates all preceding paragraphs by reference.

**ANSWER:    CCL hereby incorporates its answers to all preceding Paragraphs as if fully set forth herein.**

31.      The telephone solicitations made by Defendants constitute a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 et seq.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 31 of the Complaint.**

32.      47 U.S.C. 227(b)(l)(B) makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party."

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 32 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

33.      Plaintiff and Class members did not expressly consent prior to receiving the telephone call complained of from Defendants.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 33 of the**

Complaint.

34.    Defendants made, or caused to be made, telephone calls to Plaintiff and Class members using an artificial or prerecorded voice to Plaintiff at his residential number in violation of the TCPA.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 34 of the Complaint.**

35.    47 U.S.C. 227(b)(3) creates a private right of action for an aggrieved party to seek both injunctive relief and statutory damages in the amount of $500.00 for each violation of the TCPA.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 35 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

36.    47 U.S.C. 227(b)(3)(C) allows the court, upon a finding that a defendant willfully and/or knowingly violated the TCPA, to award treble damages for each violation of the Act.

**ANSWER: CCL denies the truth of the allegations  contained in Paragraph 36 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

37.    Defendants did willfully and knowingly violate the provisions of the TCPA by using an artificial or prerecorded voice to solicit Plaintiff and Class members.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 37 of the Complaint.**

38.    47 U.S.C. 227(d)(3)(A) provides that "[a]ll artificial or pre-recorded telephone messages (i) shall, at the beginning of the message, state clearly the  identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual[.]"

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 38 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

39.     Defendants made, or caused to be made, telephone calls, which did not comply with the requirements of 47 U.S.C. 227(d)(3)(A), to Plaintiff and Class members at their residential numbers, in violation of the TCPA.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 39 of the Complaint.**

## <u>COUNT II</u>
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (On Behalf of the Cellular Subclass)

40.     Plaintiff incorporates all preceding paragraphs by reference.

**ANSWER:     CCL hereby incorporates its answers to all preceding Paragraphs as if fully set forth herein.**

41.     The telephone solicitations made by Defendants constitute a violation of the TCPA, 47 U.S.C. 227 et seq.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 41 of the Complaint.**

42.     47 U.S.C. 227(b)(l)(A)(iii) makes it unlawful for any person to initiate any telephone call to any cellular phone.

**ANSWER:     CCL denies the truth of the allegations contained in Paragraph 42 of the Complaint.**

43.     Defendants made, or caused to be made, pre-recorded and/or artificial telephone calls to Plaintiff and Subclass Member's cellular telephones in violation of 47 U.S.C.

227(b)(1)(A)(iii).

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 43 of the Complaint.**

44.     Defendants did willfully and knowingly violate the provisions of the TCPA by using an artificial or prerecorded voice to solicit Plaintiff and Class members at their cellular telephone numbers.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 44 of the Complaint.**

45.     Defendants made, or caused to be made, telephone calls, which did not comply with the requirements of 227(b)(I )(A)(iii), to Plaintiff and Class members at their cellular numbers, in violation of the TCPA.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 45 of the Complaint.**

**COUNT III**
**VIOLATIONS OF THE MICHIGAN HOME SOLICITATION ACT**
**(On Behalf of the Michigan Subclass)**

46.     Plaintiff incorporates the allegations of all preceding paragraphs by reference.

**ANSWER:   CCL hereby incorporates its answers to all preceding Paragraphs as if fully set forth herein.**

47.     The telephone solicitation made by Defendants constitute several distinct violations of the Michigan Home Solicitation Act ("MHSSA"), MCL 445.111 et seq.

**ANSWER:   CCL denies the truth of the allegations contained in Paragraph 47 of the Complaint.**

48.     MCL 445.llla(l) provides, "A person shall not make a telephone solicitation that

consists in whole or in part of a recorded message."

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 48 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

49.     Defendants made, or caused to be made, telephone solicitations to Plaintiff and the Michigan Subclass which consisted of a recorded message, violating the MHSSA.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 49 of the Complaint.**

50.     MCL 445.lllb(l) requires a person making a telephone solicitation to a residential telephone subscriber to state, at the beginning of the call, his or her name, the full name of the organization on whose behalf the call was initiated, and also to provide a telephone number for such organization on request.

**ANSWER: CCL denies the truth of the allegations contained in paragraph 50 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

51.     During the course of their solicitations to Plaintiff and members of the Michigan Subclass, Defendants failed to state the information required by MCL 445.lllb(l), violating the MHSSA.

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 51 of the Complaint.**

52.     MCL 445.lllc(l)(e) makes it an unfair or deceptive act or practice and a violation of the MHSSA to "offer to a consumer in this state a prize promotion in which a purchase or payment is necessary to obtain the prize."

**ANSWER: CCL denies the truth of the allegations contained in Paragraph 52 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

15

53.    Defendants offered prizes such as "free cruise" to Plaintiff and members of the Michigan Subclass for which a payment was later demanded as necessary to receive the prize.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 53 of the Complaint.**

54.    MCL 445.lllc(l )(f) makes it an unfair or deceptive act or practice and a violation of the MHSSA to fail to comply with the requirements of MCL 445.llla or MCL 445.lllb.

**ANSWER:  CCL denies the truth of the allegations contained in paragraph 54 of the Complaint but refers to the referenced statute for its proper interpretation and effect.**

55.    Defendants failed, as stated above, to comply with MCL 445.llla and MCL 445.111band MCL 4451c(l)(e).

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 55 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

56.    MCL 445.lllc(3) provides for statutory damages in the amount of $250.00 per violation, together with reasonable attorney fees.

**ANSWER:  CCL denies the truth of the allegations contained in Paragraph 56 of the Complaint and refers to the referenced statute for its proper interpretation and effect.**

<u>**COUNT IV**</u>
**VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT**
**(On Behalf of the Michigan Subclass)**

57.    Plaintiff incorporates all preceding paragraphs by reference.

**ANSWER: Count IV was dismissed pursuant to DE: 21 and thus no response is required.**

58.    The telephone solicitations made by Defendants to Plaintiff and members of the Michigan Subclass constitute violations of the Michigan Consumer Protection Act (MCPA), MCL 445.901 et seq.

**ANSWER: Count IV was dismissed pursuant to DE: 21 and thus no response is required.**

59.     MCL 445.903(l)(r) makes it unlawful for any person to represent that something is free if there is a charge associated with the goods or services.

**ANSWER: Count IV was dismissed pursuant to DE: 21 and thus no response is required.**

60.     MCL 445.903(l)(g) makes it unlawful for any person to violate the provisions of MCL 445.111 through MCL 445.117 in connection with a telephone solicitation.

**ANSWER: Count IV was dismissed pursuant to DE: 21 and thus no response is required.**

61.     MCL 445.911 provides for statutory damages in the amount of $250.00 per violation, together with reasonable attorney fees.

**ANSWER: Count IV was dismissed pursuant to DE: 21 and thus no response is required.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONALD R. VISSER, individually and on behalf of all others similarly situated, demands judgment in his/their favor and against Defendants, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiffs counsel as counsel for the class;

**ANSWER:     CCL denies that Plaintiff is entitled to any such relief and CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

B.     That the Court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation of the TCPA, whichever is greater;

**ANSWER:** **CCL denies that Plaintiff is entitled to any such relief and CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

      C.    That the Court award actual monetary loss from such violations or the sum of $250.00 in damages for each violation of the MHSSA, whichever is greater;

**ANSWER:** **CCL denies that Plaintiff is entitled to any such relief and CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

      D.    That the Court award actual monetary loss from such violations or the sum of $250.00 in  damages for each violation of the MCPA, whichever is greater;

**ANSWER:** **CCL denies that Plaintiff is entitled to any such relief and  CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

      E.    That the Court award treble damages for Defendants'  willful and knowing violations of  the TCPA;

**ANSWER:** **CCL denies that Plaintiff is entitled to any such relief and CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

      F.    That the Court enjoin Defendants from additional violations; and

**ANSWER:    CCL denies that Plaintiff is entitled to any such relief and  CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

       G.     That the Court award costs, attorney fees, and such further relief as the court may deem just and proper.

**ANSWER:    CCL denies that Plaintiff is entitled to any such relief and  CCL respectfully requests that this Court enter an order granting judgment in favor of CCL and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.**

## AFFIRMATIVE DEFENSES

CCL states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of CCL's Defenses.  Accordingly, CCL asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action.  Further, this defense includes but is not limited to, Plaintiff's failure to state a claim under the TCPA because CCL did not make or initiate the telephone calls to Plaintiff.[2]

---

2.    47 U.S.C. § 227(b)(1)(A).  Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list).  Subsection 227(c)(5) is the only section within the entire text of the TCPA where Congress chose to use the words "on behalf of".  Subsection 227(c) is not at issue in this case.  *See also Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls); *Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff asserts warrant class treatment. Further, the proposed class is overly broad.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control.

## FIFTH AFFIRMATIVE DEFENSE

---

3047351 at * 4 (C.D. Cal. June 25, 2012) (finding that Section 227(b) imposes liability only on the "maker" of the call); *Mey v. Pinnacle Security, LLC*, Civil Action No. 5:11CV47, 2012 WL 4009718, *4 (N.D. W. Va. Sep. 12) (finding that Section 227(b)(3) imposes liability only on the "maker" of the call); *Zerson v. PT Ins. Group*, No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27) (analyzing a junk fax TCPA claim pursuant to § 227(b)(1)(C) and refusing to impose liability on the entity that did not send the alleged violative fax despite paying a third party to send the fax on its behalf); *Zhu v. Dish Network, LLC*, 808 F.Supp.2d 815 (E.D. Va. 2011) (concluding that the VTPPA did not impose liability on the provider whose independently controlled telemarketers violated the statute); *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005) (concluding that liability may be affixed upon a person who "makes" a telephone call or "uses" a fax machine and refusing to impose liability upon a company's promoter where there was no evidence of direct involvement in the decision to send, or in the sending of, the allegedly prohibited facsimiles); *Charvart v. Echostar Satellite, LLC*, 676 F. Supp. 2d 668 (S.D. Ohio 2009) *appeal pending*, 630 F.3d 459 (2010); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167.

CCL is not liable for the acts of the third party(ies) making and/or initiating the call(s) and recovery, if any, should be from the third party(ies) that made and/or initiated the telephone call(s), not CCL.[3]

### SIXTH AFFIRMATIVE DEFENSE

CCL is not liable for acts of a third party(ies) that made the alleged telephone call(s) because such party(ies) was(were), at all relevant times, separate and distinct from CCL and CCL has no ownership, direction or control of any such party(ies).[4]

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and class members' consent to be called on their cellular and/or residential telephones.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and indispensable parties.

### TWELFTH AFFIRMATIVE DEFENSE

---

3.    *See Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV, 2013 WL 1899616, *12 (S.D. Fla. May 8, 2013); *Applestein v. Fairfield Resorts*, No. 0004, Sept. Term, 2007, 2009 WL 5604429 (Md. Ct. Spec. App. July 8, 2009); *see also Taco Bell Corp.*, 2012 WL 3047351 at * 4; *Mey*, 2012 WL 4009718 at *4.

4.    *See supra* n. 2, 3.

Plaintiff's claims for treble damages are barred because CCL did not engage in knowing or willful misconduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable State, Federal, and local laws and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of CCL's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.[5]

---

5. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman*, 164 *F.R.D.* 400, at 404-05.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under the TCPA for telephone calls it did not make and/or initiate, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.[6]

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to notify that calls were made to his cellular and/or residential telephone and failure to request that the calls cease.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### TWENTY--FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because CCL did not use an automatic telephone dialing system as defined under the TCPA.[7]

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the calls for which Plaintiff complains do not constitute telephone solicitations, because they were not made for the purpose of encouraging the purchase of property, goods, or services.[8]

### TWENTY-THIRD AFFIRMATIVE DEFENSE

---

6.  *See supra* n. 2, 3.
7.  *See* 47 U.S.C. §227(b)(1)(A)(iii); *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).
8.  *See* 47 U.S.C. § 227(a)(4); *Friedman*, 2013 WL 1629084 at *5.

tuce

Plaintiff's claims are barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, CCL incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Laches and/or Waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against CCL with sufficient particularity to enable CCL to determine what additional defenses it may have in response to the Complaint; CCL therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.[9]

---

[9]    The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that "the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf...A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman,* 164 *F.R.D.* 400, at 404-05.

24

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, no such claims have been pleaded nor does the law provide for such a remedy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege a solicitation within the meaning of the Mich. Comp. Laws § 445.111.

## THIRTIETH AFFIRMATIVE DEFENSE

If Plaintiff can establish a solicitation in accordance within Mich. Comp. Laws § 445.111, it falls within an exception that can be found in Mich. Comp. Laws § 445.111(a)(i)-(viii).

## RESERVATION

CCL reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.


WHEREFORE, Defendant, Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CCL, dismiss this action with prejudice, deny Plaintiff's request for class certification, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: April 18, 2014

/s/ Richard W. Epstein
Richard W. Epstein
Fla. Bar No. 229091
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)
richard.epstein@gmlaw.com

-and-

Charles F. Behler
Michigan Bar No. P10632
SMITH HAUGHEY RICE & ROEGGE PC
100 Monroe Center Street NW
Grand Rapids, MI 49503
(616) 458-6245 (Telephone)
(616) 774-2461 (Facsimile)
cbehler@shrr.com

*Attorneys for Defendant Caribbean Cruise Line, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing utilizing the Court's CM/ECF system on Counsel for Plaintiff:

Donovan J. Visser
Visser & Associates, PLLC
2480 – 44th Street, S.E., Suite 150
Kentwood, MI 49512

Caleb Marker
RIDOUT LYON+ OTTOSON, LLP
555 East Ocean Blvd., Suite 500
Long Beach, CA 90802
*Counsel for Plaintiff*

/s/ Richard W. Epstein
RICHARD W. EPSTEIN