UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DONALD R. VISSER, ROBERT
HOSSFELD, MARIE HOSSFELD, and
BEN JOHNSON, individually and as the
representatives of a class of similarly
situated persons,

    Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,
CONSOLDATED TRAVEL
HOLDINGS GROUP, INC., DANIEL
LAMBERT and ROBERT P.
MITCHELL[1],

    Defendants.

Case No.: 1:13-cv-01029

**THIRD AMENDED COMPLAINT (CLASS ACTION)**

---

## THIRD AMENDED COMPLAINT (CLASS ACTION)

Plaintiffs bring this action on behalf of themselves and all other persons similarly situated, through their attorneys, and except as to those allegations that pertain to Plaintiffs or their attorneys, which allegations are based upon personal knowledge, allege the following upon information and belief against Defendants CARIBBEAN CRUISE LINE, INC., CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., DANIEL LAMBERT, and ROBERT P. MITCHELL ("Defendants").

### INTRODUCTION

1. This case challenges Defendants' policy and practice of orchestrating and utilizing "robo-call" marketing campaigns to generate sales of cruises and other goods and services to Consumers in the United States. Defendants make, or cause to be made, for their benefit or on their behalf, telephone

---
[1] Robert Mitchell was dismissed pursuant to Court Order. DE:21.

1

solicitations that use an automatic telephone dialing system that makes pre-recorded telephone calls offering a prize promotion and failing to disclose on whose behalf the telephone solicitation is being made.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq.*, prohibits a person or entity within the United States from using an automatic telephone dialing system and from sending, or having an agent send, on that person or entity's behalf, unsolicited pre-recorded messages, as well as calls and messages, to cellular telephone numbers. Federal law provides a private cause of action for violations and provides statutory damages of $500.00 per violation, trebled for intentional or willful violations.

3. The Michigan Home Solicitation Sales Act ("MHSSA"), MCL 445.111 *et seq.*, prohibits a person or entity from making a telephone solicitation that consist in whole or in part of a recorded message (MCL 445.111a(1)); requires that, at the beginning of a telephone solicitation, a person making a call to a residential telephone subscriber shall state his or her name and the full name of the organization or other person on whose behalf the call was initiated (MCL 445.111b(1)); prohibits a telephone solicitor from making an offer to a consumer in the State of Michigan, of a prize promotion in which a purchase or payment is necessary to obtain the prize (MCL 445.111c(1)(e)); and creates a private cause of action for violations and provides the greater of statutory damages of $250.00 per violation or actual loss, together with reasonable attorney fees (MCL 445.111c(3)).

4. Defendants made, or caused to be made on their behalf, telephone calls to each Plaintiff's cellular telephone as well as to the cellular telephones of similarly situated individuals in violation of the TCPA.

5. Defendants made, or caused to be made on their behalf, telephone calls to Plaintiffs', Donald R. Visser and Ben Johnson, cellular telephones, as well as to the cellular

telephones of similarly situated individuals in violation of the MHSSA.

## JURISDICTION AND VENUE

6. This case was originally filed in 62-A District Court in the State of Michigan on August 8, 2013 as an individual action and was removed to this Court by Defendant on September 19, 2013 pursuant to 28 U.S.C. 1446(d), alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1367.

7. Venue in this jurisdiction is proper because Defendants do business here and a significant portion of the events took place here.

## PARTIES

8. Plaintiff Donald R. Visser is a Michigan resident, with a principal residence in Wyoming, Michigan.

9. Plaintiff Robert Hossfeld is a Texas resident, with a principal residence in Salado, Texas.

10. Plaintiff Marie Hossfeld is a Texas resident, with a principal residence in Salado, Texas.

11. Plaintiff Ben Johnson is a Wisconsin resident with a principal residence in Pestigo, Wisconsin. He was a Michigan resident during the Class Period and received at least one complained-of telephone solicitation while a resident of Michigan.

12. Defendant Caribbean Cruise Line, Inc. is a Florida Corporation, with a principal place of business in Fort Lauderdale, Florida.

13. Defendant Consolidated Travel Holdings Group, Inc. is a Florida Corporation, with a principal place of business in Fort Lauderdale, Florida.

14. Defendant Daniel Lambert is an officer or director of Consolidated Travel Holdings Group, Inc. and an agent for Caribbean Cruise Line, Inc.

15. Defendant Robert P. Mitchell is an officer of Caribbean Cruise Line, Inc.[2]

16. Defendants do business within the state of Michigan and are thus within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

17. Defendants sell, on their own behalf and through affiliates and agents, Caribbean cruises as well as other goods and services.

18. Defendants solicit customers throughout the United States and within the state of Michigan by way of telemarketing or voice broadcasting.

19. Defendants employ or contract with agents to perform outbound telephone solicitations on their behalf or for their benefit.

20. Voice broadcasting involves the transmission of pre-recorded messages to thousands and sometimes millions of telephone numbers utilizing an automatic telephone dialing system.

21. Defendants contract for and benefit from the actions undertaken by Defendants' vendors and agents.

22. Defendants are liable for the actions of their agents.

23. Plaintiffs and Class members received calls on their cellular telephones by, on behalf of, or for the benefit of Defendants on one or more occasions.

24. Defendants caused the calls referenced in the preceding paragraphs to be made.

25. The calls referenced in the preceding paragraphs were initiated by Defendants directly or through Defendants' agents.

26. The calls referenced in the preceding paragraphs were made without the prior

---

[2] Robert Mitchell was dismissed pursuant to Court Order (DE:21), and remains named in order to preserve the record.

4

express consent of the called party.

27. The calls referenced in the preceding paragraphs were made using an automatic telephone dialing system.

28. The calls referenced in the preceding paragraphs were made using an artificial or prerecorded voice.

29. The calls referenced in the preceding paragraphs offered a prize promotion in which a purchase or payment was necessary to obtain the prize.

30. The calls referenced in the preceding paragraphs failed to state at the beginning of the telephone solicitation the name of the person making the call and the full name of the organization or other person on whose behalf the call was initiated.

31. Defendants do not have an existing business relationship with Plaintiffs or members of the Class.

32. The calls referenced in the preceding paragraphs were made on behalf of Consolidated Travel Holdings Group, Inc. or Caribbean Cruise Line, Inc.

33. Daniel Lambert, is an officer or director of Consolidated Travel Holdings Group, Inc.

34. Consolidated Travel Holdings Group, Inc., and CCL are affiliated with one another.

35. Upon information and belief, Consolidated Travel Holdings Group, Inc. and CCL share at least some common ownership and control.

36. Upon information and belief, Daniel Lambert has an ownership interest in both Defendants, Caribbean Cruise Line, Inc. and Consolidated Travel Holdings Group, Inc.

37. Daniel Lambert has the apparent authority, actual authority, or authority-in-fact to act as an agent for, and to bind Caribbean Cruise Line, Inc. and Consolidated Travel Holdings

Group, Inc.

38. Upon information and belief Daniel Lambert caused the calls referenced in the preceding paragraphs to be made on behalf of Caribbean Cruise Line, Inc. or Consolidated Travel Holdings Group, Inc.

39. Defendants' conduct violates both 47 U.S.C. 227 *et seq.* and MCL 445.111 *et seq.*

40. Defendants' conduct was an intentional and willful violation of 47 U.S.C. 227 *et seq.*

41. Both of the above statutes create private rights of action and provide statutory damages for violations.

42. Defendants are jointly and severally liable.

## CLASS ALLEGATIONS

43. In accordance with Fed. R. Civ. P. 23, Plaintiffs, Donald R. Visser, Robert Hossfeld, Marie Hossfeld and Ben Johnson, bring this action on their own behalf and on behalf of the following class of persons similarly situated, and seek to represent:

> All persons residing in any of the United States to whom a call was made to their cellular telephone number using either or both an automatic telephone dialing system or an artificial or pre-recorded voice; without the prior express consent of the called party, and without an established business relationship by, on behalf of, or for the benefit of Defendants and during the Class Period (the "Class").

44. In addition, Plaintiffs, Donald R. Visser and Ben Johnson, bring this action on their own behalf and on behalf of the following class of persons similarly situated, and seek to represent:

> All persons who are part of the Class during the Class Period and resided in the State of Michigan during the Class Period to whom a telephone solicitation was made that:
> a. consisted in whole or in part of a recorded message; or
> b. failed to state at the beginning of the telephone solicitation the caller's name or the full name of the organization or other person on whose behalf the call was made; or

6

c. stated that the called party won a prize promotion, when in fact a purchase or payment was necessary to obtain the prize. (the "Michigan Subclass").

45. Excluded from the Class and Michigan Subclass are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

46. The Class Period is September 1, 2012 through June 1, 2014.

47. **Commonality [Fed. R. Civ. P. 23(A)(2)].** Common questions of law and fact apply to the claims of all Class and Michigan Subclass members. Common material questions of fact and law include but are not limited to the following:

    a. Whether Defendants, and/or its agents, sent unsolicited voice broadcasts;

    b. The manner and method Defendants, and/or its agents, used to compile or obtain the list of telephone numbers to which it sent voice broadcasts;

    c. Whether Defendants, and/or its agents, voice broadcasts were made without first obtaining the recipients prior express consent or invitation;

    d. Whether Defendants, and/or its agents, sent the voice broadcasts knowingly;

    e. Whether or not Defendants are liable for the actions of their agents;

    f. Whether Defendants, and/or its agents, violated the provisions of 47 U.S.C. 227 *et seq.* and MCL 445.111 *et seq*;

    g. Whether Plaintiffs and the other members of the Class and Michigan Subclass are entitled to statutory damages; and

    h. Whether the Court should award treble damages for intentional or willful violation of the TCPA.

48. **Typicality [Fed. R. Civ. P. 23(a)(3)].** Plaintiffs' claims are typical of the claims of all Class members and Michigan Subclass members.

    a. Like other Class members, Plaintiffs received a pre-recorded message

or call to their cellular telephones which failed to identify and state the telephone number and address of the business, individual or other entity initiating the call.

    b.    Those calls were made with an automatic telephone dialing system and made by or on behalf of Defendants during the Class Period.

    c.    Plaintiffs are making the same claims and seeking the same relief for themselves and all Class members based on the same federal statute a same set of facts as to the calls received.

    d.    Defendants have acted the same or in a substantially similar manner with respect to Plaintiffs and all the Class members.

49. The claims of Plaintiffs Donald R. Visser and Ben Johnson are likewise typical of all Michigan Subclass members.

    a.    Like other members of the Michigan Subclass, Plaintiffs Visser and Johnson were Michigan residents when they received a telephone solicitation to their cellular phones.

    b.    The methodology employed to make each call and the recorded prize message made to Mr. Visser, Mr. Johnson and each member of the Michigan Subclass were the same.

    c.    The statutory violations of the Michigan Home Solicitation Sales Act and available remedies are also the same for each member of the Michigan Subclass.

50. **Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)].** Plaintiffs

will fairly and adequately represent and protect the interest of the Class and Michigan Subclass. They are interested in this matter, have no conflicts, and have retained experienced class counsel to represent the Class and Michigan Subclass.

51. **Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)].** Class certification is appropriate because the prosecution of individual actions by Class and Michigan Subclass members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiffs' claims will be dispositive of the interests of Class and Michigan Subclass members who are not parties.

52. **Common Conduct [Fed. R. Civ. P. 23 (b) (2)].** Class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all Class and Michigan Subclass members thereby making injunctive and declaratory relief appropriate. Plaintiffs demand such relief as authorized by 47 U.S.C. 227.

53. **Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)].** Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

   a. Proof of the claims of Plaintiffs will also prove the claims of the Class and Michigan Subclass without the need for separate or individualized proceedings;

   b. Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquires or proceedings;

   c. Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class

members as well as Michigan Subclass members;

d. The amount likely to be recovered by individual Class and Michigan Subclass members does not support protracted individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

e. This case is inherently managed as a class action in that:

   i. Defendants' computer and business records will enable Plaintiffs to identify Class and Michigan Subclass members and establish liability and damages;

   ii. Liability and damages can be established for Plaintiffs and the Class and Michigan Subclass with the common proofs;

   iii. Statutory damages are provided for in the applicable statutes and are the same for all Class and Michigan Subclass members and can be calculated;

   iv. A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

   v. A class action will contribute to uniformity of decisions concerning Defendants' practices;

   vi. As a practical matter, the claims of the Class and Michigan Subclass are likely to go unaddressed absent class certification.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (On Behalf of the Class)

54. Plaintiffs incorporate all preceding paragraphs by reference.

55. The telephone solicitations made by Defendants constitute a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq.*

56. 47 U.S.C. 227(b)(1)(A)(iii) makes it unlawful for any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellular telephone.

57. Defendants made, or caused to be made, telephone calls to Plaintiffs using an automatic telephone dialing system.

58. Plaintiffs and Class members did not expressly consent prior to receiving the telephone calls complained of from Defendants.

59. Defendants made, or caused to be made, telephone calls to Plaintiffs and Class members using an artificial or prerecorded voice in violation of the TCPA.

60. 47 U.S.C. 227(b)(3) creates a private right of action for an aggrieved party to seek both injunctive relief and statutory damages in the amount of $500.00 for each violation of the TCPA.

61. 47 U.S.C. 227(b)(3)(C) allows the court, upon a finding that a defendant willfully and/or knowingly violated the TCPA, to award treble damages for each violation of the Act.

62. Defendants did willfully and knowingly violate the provisions of the TCPA.

63. 47 U.S.C. 227(d)(3)(A) provides that "[a]ll artificial or pre-recorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or

individual[.]"

64. Defendants made, or caused to be made, telephone calls, which did not comply with the requirements of 47 U.S.C. 227(d)(3)(A), to Plaintiffs and Class members, in violation of the TCPA.

### COUNT II
### VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT
### (On Behalf of the Michigan Subclass)

65. Plaintiffs incorporate the allegations of all preceding paragraphs by reference.

66. The telephone solicitations made by, on behalf of, or for the benefit of Defendants constitute several distinct violations of the Michigan Home Solicitation Sales Act ("MHSSA"), MCL 445.111 *et seq*.

67. The telephone calls made by, or for the benefit, of Defendants are "telephone solicitations" under the MHSSA.

68. Defendants are each a "person" and a "telephone solicitor" under the MHSSA.

69. Defendants do business in, and make or cause to be made, telephone solicitations, in the State of Michigan and to Michigan residents and consumers.

70. MCL 445.111a(1) provides, "A home solicitation sale shall not be made by telephonic solicitation using in whole or in part a recorded message. A person shall not make a telephone solicitation that consists in whole or in part of a recorded message."

71. Defendants and/or its agents made, or caused to be made, telephone solicitations to Plaintiffs Donald R. Visser and Ben Johnson, and members of the Michigan Subclass, which consisted in whole or in part of a recorded message, violating the MHSSA.

72. MCL 445.111b(1) states, "At the beginning of a telephone solicitation, a person making a telephone solicitation to a residential telephone subscriber shall state his or her name and the full name of the organization or other person on whose behalf the call was initiated,

and provide a telephone number of the organization or other person on request. A natural person must be available to answer the telephone number at any time when telephone solicitations are being made."

73. During the course of Defendants' telephone solicitations to Plaintiffs Donald R. Visser and Ben Johnson, and members of the Michigan Subclass, Defendants or agents acting on behalf of Defendants failed at the beginning of the telephone solicitation to state his or her name and the name of the organization or other person on whose behalf each call was initiated as required by MCL 445.111b(1), violating the MHSSA.

74. MCL 445.111c(1) states, "It is an unfair or deceptive act or practice and violation of this act for a telephone solicitor to do any of the following:"

75. MCL 445.111c(1)(e) makes it an unfair or deceptive act or practice and a violation of the MHSSA to "Offer to a consumer in this state a prize promotion in which a purchase or payment is necessary to obtain the prize."

76. Defendants, and/ or its agents, offered prizes such as free cruise to Plaintiffs Donald R. Visser and Ben Johnson and members of the Michigan Subclass for which a payment was necessary to receive the prize.

77. MCL 445.111c(1)(f) makes it an unfair or deceptive act or practice and a violation of the MHSSA to fail to comply with the requirements of MCL 445.111a or MCL 445.111b.

78. Defendants failed, as stated above, to comply with MCL 445.111a and MCL 445.111b and MCL 44511c(1)(e).

79. MCL 445.111c(3) provides for statutory damages in the amount of $250.00 per violation, together with reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated

(members of the Class and members of the Michigan Subclass), demand judgment in their favor and against Defendants, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action;

B. That the Court certify the Class and Michigan Subclass;

C. That the Court appoint the named Plaintiffs as the representatives of the Class, and appoint Plaintiffs' counsel as counsel for the Class ;

D. That the Court appoint Plaintiffs Donald R. Visser and Ben Johnson as the representatives of the Michigan Subclass, and appoint Plaintiffs' counsel as counsel for the Michigan Subclass;

E. That the Court award the sum of $500.00 in damages to each Plaintiff and member of the Class for violation of the TCPA;

F. That the Court award treble damages to each Plaintiff and member of the Class for Defendants willful or intentional violations of the TCPA;

G. That the Court award the sum of $250.00 in damages to Plaintiff's Donald R. Visser and Ben Johnson and each member of the Michigan Subclass for violation of the MHSAA;

H.

I. That the Court enjoin Defendants from additional violations; and

J. That the Court award costs, attorney fees, and such further relief as the court may deem just and proper or as allowed by statute.

VISSER AND ASSOCIATES, PLLC

Dated:  May 8, 2015
/s/ Rebecca J. Baker
Rebecca J. Baker (FL. Bar No. 0108017)
Donovan J. Visser (P70847)

14

*Attorneys for Plaintiff*
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860

Caleb Marker (P70963)
RIDOUT LYON + OTTOSON, LLP
*Attorneys for Plaintiff*
555 East Ocean Blvd., Suite 500
Long Beach, CA 90802
(562) 216-7380